**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| GLORIA BARRIOS, | ) | |
| | ) | |
| Plaintiff, | ) | No. 15 C 10193 |
| | ) | |
| v. | ) | Magistrate Judge Jeffrey Cole |
| | ) | |
| FASHION GALLERY, INC. dba | ) | |
| RAINBOW SHOPS, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

The defendant has filed a motion to compel the deposition of the plaintiff and for an extension of time to file dispositive motions. It appears from the motion that the mandatory requirements of Local Rule 37.2 have not been complied with, *Ossola v. American Express Company,* 2015 WL 993379, 1 (N.D.Ill. 2015), and that the plaintiff's counsel has been less than fully cooperative in setting a firm date for the plaintiff's deposition. Finally, the movant has not provided a courtesy copy of the motion (with exhibits) to the court despite the mandatory requirements of Local Rule 5.2(f) and my standing order requiring that copies of any filings be delivered to chambers contemporaneously with the filing. Still, the deposition of a party in any case is of such obvious importance that these matters can occasionally be overlooked and the motion resolved as a matter of fundamental fairness. After all, the days of trial by ambush long ago fell by the wayside with the adoption of the Federal Rules of Civil Procedure. *See the discussion in Jackson v. N'Genuity*, 2011 WL 1134302, at *1 (N.D. Ill. 2011). *See also Swierkiewicz v. Sorema N.A.,* 534 U.S. 506, 512 (2002); *Stout Risius Ross, Inc. v. People Care Holdings, Inc.*, 15 C 9298, 2016 WL 4593824, at *3 (N.D. Ill. 2016); *Lancelot Investors Fund, L.P. v. TSM Holdings, Ltd.,* 2008 WL

1883435, 3-4 (N.D. Ill. 2008).

The facts are these. On February 22, 2016, the court adopted the discovery schedule proposed by the parties, with fact discovery to close on July 20, 2016. [Dkt. # 11]. In the interim, the defendant could not arrange for the deposition of the plaintiff. On May 18, the defendant's counsel noted that it was awaiting potential dates for the plaintiff's deposition. No response was made or received to the May 18 letter. Two months were left on the parties' agreed (and court ordered) discovery schedule. So far as the record reveals, apparently nothing was done until July 5, when the defendant again wrote to plaintiff's counsel noting their willingness to take the plaintiff's deposition on August 4, 9 or 15. Discovery was to close on July 20 – before the date selected by defendant.

On July 26, 2016, defense counsel sent a notice of deposition calling for the plaintiff's deposition on September 16, 2016. This date was then canceled by plaintiff's counsel, and no further dates were provided. On October 17, defense counsel served another deposition notice calling for the plaintiff's deposition on October 21. Of course, discovery had closed on July 20, three months before the date selected. None of the lawyers seemed to care or even to notice that fact, notwithstanding that lawyers do not own the discovery schedule, are not at liberty to disregard one, and certainly are not at liberty to disregard a court ordered schedule. Given these circumstances, the current motion could easily be denied. *See Packman v. Chicago Tribune Co.*, 267 F.3d 628, 647 (7th Cir. 2001)(no abuse of discretion to deny discovery motion filed after close of discovery); *Justise v. Zenith Logistics, Inc.*, 186 F. App'x 680, 683 (7th Cir. 2006)(". . . we cannot conclude that it was an abuse of discretion to deny [plaintiff's] motion to compel given its dilatory filing."); *Haynes v. Alliant Food Serv., Inc.*, 93 F. App'x 71, 73–74 (7th Cir. 2004)(". . . rarely will we find an abuse of discretion [denying a motion to compel] when the motion to compel came after the close of

2

discovery.").

But the fact remains that defense counsel has filed nothing in response to the motion and has not offered any real objection to it. Thus, while the reality is that while the defendant could and should have been diligent in protecting itself, the plaintiff's counsel did not act responsibly and did nothing to abide by the schedule it had selected or to give a reasoned explanation to the court why a different schedule should replace the one on which it had earlier agreed. Thus, the motion of the defendant will be granted – but with certain constraints. The presently scheduled deposition of the plaintiff shall proceed on November 7, 2016 at the offices of the defendant's counsel at 9:00 a.m. Plaintiff is advised that failure to timely appear for her deposition as scheduled will result in sanctions, which may include dismissal of the plaintiff's case with prejudice and attorneys' fees.

Further, but for this deposition, fact and expert discovery are closed.[1] All dispositive motions, if any, will be extended and they, with supporting memoranda, are to be filed by December 7, 2016. Responses are to be filed by January 9, 2017. Replies are to be filed by January 24, 2017. The court will rule by mail. Counsel shall provide courtesy copies of all filings and exhibits with chambers contemporaneously with their filing.

One further point: It is a court's obligation to take notice of subject matter jurisdiction at any time and whether or not brought to the court's attention by one of the parties or even contemplated by them. *Wise v. Wachovia Securities, LLC,* 450 F.3d 265, 267 (7th Cir.2006); *Smoot v. Mazda Motors of America, Inc.*, 469 F.3d 675, 678 (7th Cir. 2006); *Orum v. C.I.R.*, 412 F.3d 819, 821 (7th Cir. 2005); *Perrywatson v. United Airlines, Inc.*, 762 F.Supp.2d 1107 (N.D.Ill. 2011), *aff'd*, 527

---

[1] The motion does not seek an extension of time for expert discovery which closed on October 20, 2016.

Fed.Appx. 559 (7th Cir. 2013). In that regard, there may be an issue as to whether the jurisdictional amount can be met in this case, even though the parties have apparently agreed that the amount in controversy exceeds $75,000 inclusive of interest and costs. *See* Dkt. #1 at 3, ¶¶12, 13. Thus, the court called counsels' attention to *McMillian v. Sheraton Chicago Hotel & Towers*, 567 F.3d 839 (7th Cir. 2009). That, and other cases dealing with whether a party can meet the threshold jurisdictional amount for federal jurisdiction ought to be reviewed by the parties. What their reaction will be remains to be seen.

ENTERED: _____
UNITED STATES MAGISTRATE JUDGE

**DATE:** 11/3/16