**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| GLORIA BARRIOS, | ) | |
| | ) | |
| Plaintiff, | ) | No. 15 C 10193 |
| | ) | |
| v. | ) | Magistrate Judge Cole |
| | ) | |
| FASHION GALLERY, INC. | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

The defendant recently filed its motion for summary judgment and supporting materials. When the parties were before me on a discovery motion in early November 2016, I expressed a number of concerns about whether this case – which the defendant removed from state court – was properly in federal court on the basis of diversity jurisdiction. In an order issued later that day, I reiterated these concerns and cited a number of cases, including the Seventh Circuit's reversal on jurisdictional grounds of an opinion by this court in which the parties had essentially conceded, or at least not raised the question of jurisdiction. The order focused on whether the requisite jurisdictional amount of $75,000 was established – under the unique facts of this case. (The parties had indicated at the motion hearing that medical expenses were only about $20,000). I expected that the issue of federal jurisdiction would be addressed in the defendant's then upcoming motion for summary judgment. [*See* my comments and cited cases in Dkt. # 22, at 3-4].

After all, the first issue in any case is jurisdiction, and a court is bound to take note of it regardless of whether the parties do or their joint willingness to have the court proceed. *See e.g., Tisza v. Communications Workers of America*, 953 F.2d 298, 300 (7th Cir.1992); *In re UAL Corp.*, 408 F.3d 847, 849 (7th Cir.2005)("Appellate jurisdiction is the initial question."); *Sonii v. General*

*Elec. Co.*, 359 F.3d 448, 449 (7th Cir. 2004).

As it turns out, the defendant's memorandum is silent on this question. The court, of course, has its own responsibility to raise and address jurisdictional issues and act only when the limited jurisdiction of the federal courts allows. *Grupo Dataflux v. Atlas Glob. Grp., L.P.*, 541 U.S. 567, 593 (2004). If need be, the court must do this *sua sponte*. But as courts ought not act alone and without input from counsel, briefing on the issues should be required. *See Evergreen Square of Cudahy v. Wisconsin Hous. & Econ. Dev. Auth.*, 776 F.3d 463, 465 (7th Cir. 2015). And that is the path that will be taken here. Indeed, we thought we had urged the parties earlier that they should brief the jurisdictional question. Unfortunately, the suggestions in the November 2016 order were perhaps not sufficiently instructive. Hence, this Opinion will be more specific.

As the defendant is the proponent of federal jurisdiction, it has the burden of establishing its elements. *Walker v. Trailer Transit, Inc.*, 727 F.3d 819, 824–25 (7th Cir. 2013); *Travelers Prop. Cas. v. Good*, 689 F.3d 714, 722 (7th Cir. 2012). Here, the defendant claims that federal jurisdiction is proper under 28 U.S.C. §1332(a), which provides for federal jurisdiction over suits between citizens of different states where the amount in controversy exceeds $75,000. In her complaint, however, the plaintiff says nothing about the citizenship of the parties and asks for damages "in excess of fifty thousand dollars." [Dkt. ##1-1, 1-2]. That could still be below the $75,000 floor. Defendant's sole basis for removing this case was plaintiff's failure to respond to its requests to admit served upon her while the case was in state court. The defendant asked that she admit that she was a citizen[1] of Illinois and was seeking damages in excess of $75,000. [Dkt. ##1, ¶ 12; 1-3]. The

---

[1] In its petition for removal, the defendant uses the terms "citizen" and "resident" interchangeably. Jurisdiction based on diversity of citizenship requires exactly that: diversity of citizenship. 28 U.S.C. § 1332(a). Mere residency is not enough to establish citizenship. *Winforge, Inc. v. Coachmen Indus., Inc.*, 691 F.3d 856, 867 (7th Cir. 2012). Fortunately for the defendant, it was not so cavalier in its request to admit, where it did employ the term, "citizen." [Dkt. #1-3, at 3].

plaintiff failed to respond either way within 28 days. Under Illinois Supreme Court Rule 216, that meant that those facts – that she was a citizen of Illinois and was seeking damages in excess of $75,000 – were deemed admitted. *See P.R.S. Int'l, Inc. v. Shred Pax Corp.*, 184 Ill. 2d 224, 235, 703 N.E.2d 71, 76 (1998). But, a party cannot simply consent to federal jurisdiction or waive its requirements. *See Evergreen Square*, 776 F.3d at 465 (". . the parties' united front is irrelevant since the parties cannot confer subject-matter jurisdiction by agreement . . ."); *Carter v. Hodge*, 726 F.3d 917, 919 (7th Cir. 2013)("A jurisdictional rule is not waivable."); *Smoot v. Mazda Motors of Am., Inc.*, 469 F.3d 675, 678 (7th Cir. 2006)(". . . the fact that limits on subject-matter jurisdiction are not waivable or forfeitable-that federal courts are required to police their jurisdiction-imposes a duty of care that we are not at liberty to shirk.").

Here, the plaintiff standing mute arguably smacks of waiver or consent by silence – at least it could be interpreted in that way. Combining that with the parties' concession that medical expenses are only about $20,000 – well short of $75,000 – makes for a flimsy jurisdictional reed. *See Dart Cherokee Basin Operating Co., LLC v. Owens*, – U.S. –, –, 135 S. Ct. 547, 554 (2014)("Evidence establishing [requirements of diversity jurisdiction] is required . . . when the plaintiff contests, or the court questions, the defendant's allegation."). Hence, it is an issue that the parties – or at the very least, the defendant, as it is the defendant's burden – must address.

Another problem with the defendant's removal of this case to federal court is timeliness. The plaintiff filed her suit in the Circuit Court of Cook County on May 2, 2014. [Dkt. #1-1]. The defendant didn't file its notice of removal for over a year and a half, on November 10, 2015. [Dkt. # 1]. Generally, a defendant has 30 days to petition for removal of a case, *see* 28 U.S.C. §1446(b), but, in this instance, it was not immediately apparent that the case was removable to federal district

3

court – again, there was no suggestion of citizenship of the parties and the amount sought could have been well shy of the $75,000 jurisdictional minimum. In this regard, the defendant has pointed out that, under 29 U.S.C. §1446(b)(3):

> if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after the receipt by defendant . . . of an amended pleading, motion, order, or other paper from which it may first be ascertained that the case is one which has become removable.

So, to defendant's way of thinking, given subsection (b)(3), defendant had 30 days after plaintiff's failure to respond resulted in the defendant's asserted facts being admitted. But, defendant ignores the very next section of 28 U.S.C. §1446, which states that "[a] case may not be removed under subsection (b)(3) on the basis of jurisdiction conferred by Section 1332 more than 1 year after commencement of the action, unless the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action." Here, the defendant clearly waited well over a year after the commencement of plaintiff's action before even serving its requests to admit on the plaintiff. There is no hint of any bad faith on the plaintiff's part.

And so, timeliness, too, must be addressed, and, in so doing, the parties – particularly the defendant, should bear in mind that at least two judges here in the Northern District of Illinois have determined that the one-year time limit is jurisdictional, meaning they have concluded it cannot be waived, and the case must be remanded. *See PNC Bank, Nat. Ass'n v. Seliga*, 2013 WL 5336236, at *2 (N.D. Ill. Sept. 24, 2013); *Foiles by Foiles v. Merrell Nat. Labs., a Div. of Richardson Merrell, Inc.*, 730 F. Supp. 108, 110 (N.D. Ill. 1989).

Accordingly, the briefing schedule set on December 15, 2016 is amended as follows: the present briefing schedule is stricken and the parties should not address summary judgment issues

until they have briefed and this court has ruled on the jurisdictional issue. The defendant, as the removing party, bears the jurisdictional burden and accordingly, its brief is due 2/10/17. The plaintiff's response brief shall be due 3/10/17. The reply brief, if any, shall be due 3/24/17. Ruling will be by mail.

ENTERED: /s/ Jeffrey Cole
UNITED STATES MAGISTRATE JUDGE

**DATE:** 1/10/17