**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| **GLORIA BARRIOS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | No. 15 C 10193 |
| | ) | |
| v. | ) | Magistrate Judge Cole |
| | ) | |
| **FASHION GALLERY, INC.** | ) | |
| | ) | |
| **Defendant.** | ) | |

**MEMORANDUM OPINION AND ORDER**

Originally, the defendant, who removed the case to this court, hoped to establish the requisite jurisdictional amount through the plaintiff's failure to respond in the state court to the defendant's request to admit under Illinois Supreme Court Rule 216. The defendant asked plaintiff to admit that she was a citizen of Illinois and was seeking damages in excess of $75,000. [Dkt. ##1, ¶ 12; 1-3]. The plaintiff failed to respond within 28 days. Under Rule 216, that meant that those facts – that she was a citizen of Illinois and was seeking damages in excess of $75,000 – were deemed admitted. *See P.R.S. Int'l, Inc. v. Shred Pax Corp.*, 184 Ill. 2d 224, 235, 703 N.E.2d 71, 76 (1998).

I expressed a concern that, without more, it seemed as though the plaintiff might simply be consenting, *sub silentio*, to defendant's removal. However, federal jurisdiction cannot be established by consent by one or all of the parties. *See Evergreen Square*, 776 F.3d at 465 (". . . the parties' united front is irrelevant since the parties cannot confer subject-matter jurisdiction by agreement . . ."); *Carter v. Hodge*, 726 F.3d 917, 919 (7th Cir. 2013)("A jurisdictional rule is not waivable."); *Smoot v. Mazda Motors of Am., Inc.*, 469 F.3d 675, 678 (7th Cir. 2006)(". . . the fact that limits on subject-matter jurisdiction are not waivable or forfeitable-that federal courts are required to police their jurisdiction-imposes a duty of care that we are not at liberty to shirk."). The parties were asked

to brief the matter, and they have done so.

Specifically, there is plaintiff's settlement demand letter. The plaintiff describes her injury– metatarsal fracture and tenosynovitus – and treatment – ambulance, hospitalization, crutches, x-rays, and further treatment after discharge including x-rays, MRI, and therapy. Her letter demanded $75,000 to settle her case. [Dkt. #32-2]. The figure is relevant in determining the amount in controversy for jurisdictional purposes. *Grinnell Mut. Reinsurance Co. v. Haight*, 697 F.3d 582, 585 (7th Cir. 2012). It demonstrates that plaintiff is seeking at least the requisite jurisdictional amount, and that is sufficient to establish diversity jurisdiction. *See Rising-Moore v. Red Roof Inns, Inc.*, 435 F.3d 813, 816 (7th Cir. 2006)(settlement demand of $60,000 implies that the stakes at trial comfortably exceed the minimum of $75,000). *See also Grinnell Mut.*, 697 F.3d at 585 ("The demonstration 'concerns what the plaintiff is claiming (and thus the amount in controversy between the parties), not whether plaintiff is likely to win or be awarded everything he seeks.'"); *Meridian Sec. Ins. Co. v. Sadowski*, 441 F.3d 536, 541 (7th Cir. 2006)(plaintiff's informal estimates or settlement demands is one method of establishing amount in controversy). As such, the requisite amount for diversity jurisdiction is established without reliance on the operation of Illinois Supreme Court Rule 216. Defendant is a New Jersey corporation with its principal place of business in New York, while plaintiff has been living in Illinois for 30 years and intends to remain. Accordingly, jurisdiction is proper under 28 USC §1332(a)(1).

Timeliness of the removal was the other point that gave pause, but a detailed timeline has resolved that concern as well. There was some confusion as to the proper defendant, which resulted in the current defendant not being served with the Complaint until over a year into this case, July 29, 2015. It was not clear from the plaintiff's allegations – plaintiff sought in excess of $50,000 –

2

the requisite amount was in controversy. Accordingly, the clock did not begin to run until Rule 216 became operative, with the result that plaintiff was deemed to have admitted that she was seeking over $75,000 as of October 13, 2015. Defendant removed the case within 30 days after that, on November 10, 2015. *See* 28 USC §1446(b)(3)(removal within thirty days of "receipt by defendant . . . of . . . paper from which it may be first ascertained that the case is one or has become one which is removable."). Plaintiff complains that the defendant took too long to serve requests to admit, making the entire process 100 days. But defendant served its requests to admit about six weeks after it received the Complaint. Plaintiff cites no case law suggesting that a defendant must serve such requests on a plaintiff quicker than that.

## CONCLUSION

With jurisdiction established, the parties may continue to brief the defendant's motion for summary judgment. Plaintiff's response shall be due April 12, 2017, and defendant's reply shall be due April 26, 2017.

ENTERED:  _____
UNITED STATES MAGISTRATE JUDGE

**DATE:** 3/23/17

3