**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **GLORIA BARRIOS,** | ) | |
| | ) | |
| Plaintiff, | ) | No. 15 C 10193 |
| | ) | |
| v. | ) | Magistrate Judge Cole |
| | ) | |
| **FASHION GALLERY, INC.** | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

On May 6, 2014, the plaintiff was shopping for a skirt in the defendant's store and, when she reached up to take one down from a hook on the wall, an empty shelf lower on the wall fell and hit her foot. She sued for damages in the Circuit Court of Cook County, under theories of premises liability and negligence.[1] The defendant removed the case here based on diversity jurisdiction and has moved for summary judgment on plaintiff's Complaint.

**I.**

**SUMMARY JUDGMENT**

**A.**

**Fed.R.Civ.P. 56**

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The court must construe the evidence and all inferences that reasonably can be drawn from it in the light most favorable to the nonmoving party. *Allin v. City of Springfield*, 845 F.3d 858, 861 (7th Cir.

---

[1] Aside from the captions "Premises Liability" and "Count II: Negligence", the seven paragraphs of the two counts are absolutely identical. [Dkt. #1-1].

2017); *Chaib v. Geo Grp., Inc.*, 819 F.3d 337, 340 (7th Cir. 2016). A factual dispute is "genuine" only if a reasonable jury could find for either party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Alston v. City of Madison*, 853 F.3d 901 (7th Cir. 2017) . If the opponent – here, the plaintiff – "'fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial, summary judgment must be granted." *Blow v. Bijora, Inc.*, 855 F.3d 793 (7th Cir. 2017). *See generally*, *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

**B.**

**Local Rule 56.1**

As always, the facts underlying this summary judgment proceeding are drawn from the parties' Local Rule 56.1 submissions. "For litigants appearing in the Northern District of Illinois, the Rule 56.1 statement is a critical, and required, component of a litigant's response to a motion for summary judgment." *Sojka v. Bovis Lend Lease, Inc.,* 686 F.3d 394, 398 (7th Cir.2012). Local Rule 56.1 requires a party seeking summary judgment to include with its motion "a statement of material facts as to which the ... party contends there is no genuine issue and that entitle the ... party to a judgment as a matter of law." Local Rule 56.1(a)(3); *Ciomber v. Cooperative Plus, Inc.,* 527 F.3d 635, 643 (7th Cir.2008). Each paragraph must refer to the "affidavits, parts of the record, and other supporting materials" that substantiate the asserted facts. Local Rule 56.1(a)(3); *F.T.C. v. Bay Area Business Council, Inc.,* 423 F.3d 627, 633 (7th Cir.2005).

The party opposing summary judgment must then respond to the movant's statement of proposed material facts; that response must contain both "a response to each numbered paragraph in the moving party's statement," Local Rule 56.1(b)(3)(B), and a separate statement "consisting of

short numbered paragraphs, of any additional facts that require the denial of summary judgment," Local Rule 56.1(b)(3)(C); *Ciomber,* 527 F.3d at 643. Again, each response, and each asserted fact, must be supported with a reference to the record. Local Rule 56.1(b)(3)(B); *Cracco v. Vitran Exp., Inc.,* 559 F.3d 625, 632 (7th Cir.2009); *Bay Area Business Council, Inc.,* 423 F.3d at 633.

The district court is entitled to enforce strict compliance with its local rules regarding summary judgment motions. *See Gray v. Hardy*, 826 F.3d 1000, 1004–05 (7th Cir. 2016); *Friend v. Valley View Cmty. Unit Sch. Dist. 365U*, 789 F.3d 707, 711 (7th Cir. 2015);*Yancick v. Hanna Steel Corp.,* 653 F.3d 532, 537 (7th Cir.2011); *Schmidt v. Eagle Waste & Recycling, Inc.,* 599 F.3d 626, 630 (7th Cir.2010). And that rule has been applied even in cases involving pro se litigants. *Welcher-Butler v. Brennan*, 619 F. App'x 550 (7th Cir. 2015). Thus, responses and facts that are not set out properly and appropriately supported in an opponent's Rule 56.1 response need not be considered. *See Shaffer v. American Medical Association,* 662 F.3d 439, 442 (7th Cir.2011); *Bay Area Business Council,* 423 F.3d at 633. Here, the defendant has filed a proper statement of facts. [Dkt. #25]. The plaintiff has not; indeed, she has neither filed a response to the defendant's statement of facts, nor her own statement of additional facts. [Dkt. #36]. As a result, defendant's properly supported facts are deemed admitted, *Apex Digital, Inc. v. Sears, Roebuck & Co.,* 735 F.3d 962, 965 (7th Cir.2013), and the assertions plaintiff makes in her brief need not be considered. *See Flint v. City of Belvidere*, 791 F.3d 764, 767 (7th Cir. 2015)(court need only consider "the facts (and inferences drawn from them) presented in accordance with Local Rule 56.1."); *Johal v. Little Lady Foods, Inc*., 434 F.3d 943, 947 (7th Cir. 2006)(court entitled to ignore facts set out, not in proper Local Rule 56.1 submission, but in memorandum of law)

II.

FACTS

The facts in this case are not complicated. As already mentioned, plaintiff went skirt-shopping at defendant's store in early May of 2014. [Dkt #25, ¶¶ 4-5]. In her deposition, plaintiff testified that she frequently shopped at that particular store. (Dep., at 17, 18). Upon entering the store, she walked over to a wall display that had skirts hanging from hooks that extended out of the wall, just above an empty shelf. [Dkt. # 25, ¶5; Dep., at 20, 22]. When she reached up with her right hand to touch a skirt, the empty shelf fell on top of her left foot. [Dkt. # 25, ¶ 5, Dep., at 18, 20, 22]. The plaintiff has no idea why the shelf fell. [Dkt. # 25, ¶6; Dep., at 22, 42]. She didn't notice anything wrong with the shelf. [Dkt. # 25, ¶6; Dep., at 22, 42]. In the five years prior to the incident, the store never received any reports about any problems with shelving. [Dkt # 25, ¶ 7; Ex. 6].

III.

ANALYSIS

Under Illinois law, property owners owe to their invitees a duty to maintain the premises in a reasonably safe condition. *Parker v. Four Seasons Hotels, Ltd.*, 845 F.3d 807, 811 (7th Cir. 2017); *Piotrowski v. Menard, Inc.*, 842 F.3d 1035, 1038 (7th Cir. 2016). In a premises liability action, a plaintiff has the burden of proving: (1) the existence of a condition that presents an unreasonable risk of harm to persons on the premises; (2) that the defendants knew, or should have known, that the condition posed an unreasonable risk of harm; (3) that the defendants should have anticipated that individuals on the premises would fail to discover or recognize the danger or otherwise fail to protect themselves against it; (4) a negligent act or omission on the part of the defendant; (5) an

4

injury suffered by the plaintiff; and (6) that the condition of the property was a proximate cause of the injury to the plaintiff. *Parker,* 845 F.3d at 811. Absent the landowner's actual or constructive knowledge of dangerous or defective conditions on the premises, there is no premises liability. *Hanna v. Creative Designers, Inc*., 63 N.E.3d 1036, 1046 (1st Dist. 2016); *Tomczak v. Planetsphere, Inc*., 315 Ill. App. 3d 1033, 1038, 735 N.E.2d 662, 666 (1st Dist. 2000).

But, a plaintiff does not have to prove actual or constructive notice when she can show that the dangerous condition was placed on the premises through the defendant's negligence. *Donoho v. O'Connell's, Inc.,* 13 Ill.2d 113, 122, 148 N.E.2d 434, 439 (1958); *Reed v. Wal–Mart Stores, Inc.,* 298 Ill.App.3d 712, 715, 700 N.E.2d 212, 214 (4th Dist. 1998); *Wind v. Hy-Vee Food Stores, Inc.,* 272 Ill.App.3d 149, 155, 650 N.E.2d 258, 262 (3rd Dist. 1995). This distinction is a sticking point for the parties in this case because, while the facts are few and aren't really in dispute, the parties have competing views of what this case is about and, consequently, the applicable law. Given the volume of litigation over these types of "accidents" in retails establishments, it's not as easy a distinction to draw as it ought to be. Or, as the Illinois Supreme Court has put it, the analysis can be "very involved, complex and indeed nebulous." *Marshall v. Burger King Corp*., 222 Ill. 2d 422, 435, 856 N.E.2d 1048, 1056 (2006). Here, however, the distinction is not dispositive as, in either case, the plaintiff has failed to establish that there is a genuine issue of fact requiring a trial.

**A.**

The defendant rests its motion on the absence of any evidence of constructive or actual knowledge of a problem with the shelf. It relies in large part on *Smolek v. K.W. Landscaping*, 266 Ill. App. 3d 226, 228, 639 N.E.2d 977 (2nd Dist. 1994), in which the plaintiff was injured when she stepped in a hole that had been concealed by overgrowth in the lawn of her townhome development.

5

The court ruled that plaintiff had to show constructive notice and she did not. In fact, the hole was concealed and there was no evidence that anyone knew of the hole's existence before the accident. *Smolek*, 266 Ill. App. 3d at 230 (1994). It doesn't seem a dispositive analogy for a shelf falling on someone's toe, but it is in an important case: the hazard was not obvious, and there is no evidence defendant had actual or constructive knowledge about it.

Constructive notice can be established by either presenting evidence that: (1) the dangerous condition existed for a sufficient amount of time so that it would have been discovered by the exercise of ordinary care; or (2) the dangerous condition was part of a pattern of conduct or a recurring incident. *Zuppardi v. Wal-Mart Stores, Inc.*, 770 F.3d 644, 649 (7th Cir. 2014). Plaintiff has not presented any evidence on these points. There is no evidence how long the shelf was loose, if it even was loose. There is certainly no evidence that a loose shelf was part of a pattern of conduct. In fact, the evidence is to the contrary, as the defendant had no complaints about shelving in the store in the five years prior to plaintiff's accident. That means the plaintiff loses if one deems the case one which demands proof of actual or constructive knowledge by the defendant. *See Reid v. Kohl's Dep't Stores, Inc.*, 545 F.3d 479, 482 (7th Cir. 2008)("Absent any evidence demonstrating the length of time that the substance was on the floor, a plaintiff cannot establish constructive notice."); *Beaumont v. J.P. Morgan Chase Bank, N.A.*, 782 F. Supp. 2d 656, 663 (N.D. Ill. 2011).

The plaintiff, of course, doesn't think it is. She relies on citations to *Reed* and *Wind,* which both follow the Illinois Supreme Court's holding in *Donoho*. *Reed* involved an injury to a customer from a board with a rusty nail left in a walkway; *Wind* involved a customer's slip-and-fall on a loose and tattered floor mat. The holdings in those cases – that the plaintiff need not prove constructive or actual knowledge – stemming from *Donoho*, were based on the hazard being a "foreign

substance." *Donoho*, 13 Ill.2d at 118, 148 N.E.2d at 437-38 (emphasis supplied)("Thus, where the foreign substance is on the premises *due to the negligence of the proprietor or his servants*, it is not necessary to establish their knowledge, actual or constructive; whereas, if the substance is on the premises through acts of third persons, the time element to establish knowledge or notice to the proprietor is a material factor.")(emphasis supplied). *See also Zuppardi v. Wal Mart Stores, Inc*., 770 F.3d 644, 649 (7th Cir. 2014)("Liability can be imposed when a business's invitee is injured by slipping on a foreign substance on its premises if the invitee establishes that (1) the substance was placed there by the negligence of the business; (2) the business had actual notice of the substance; or (3) the substance was there a sufficient length of time so that, in the exercise of ordinary care, its presence should have been discovered, i.e., the business had constructive notice of the substance."). In *Donoho*, it was a bit of grilled onion and grease that had fallen to the floor of a restaurant; in *Zuppardi,* it was a puddle of water in the aisle of a retail store. *See also Beaumont*, 782 F. Supp. 2d 656 (water).

**B.**

Here, the shelf that fell onto plaintiff's foot was not a foreign substance, but a fixture – not so fixed, as things turned out – of the store. The plaintiff is right only insofar as the defendant originally placed it where it was; but it's not as if it were a rusty nail, or a spill, or a loose floor mat or standing or accumulating water. In other words, something with the apparent potential to cause trouble. And, most importantly, even if the foreign substance line of cases applies, plaintiff hasn't come forward with any evidence of negligence, or even with any factual assertions that could give rise to an inference of negligence. Plaintiff's own response brief, terse as it is, manages to highlight the difference between a successful plaintiff and an unsuccessful one. In *Wind*, as plaintiff points

7

out, "[t]here was testimony that the mat was not taped to the floor and may have been in poor condition." [Dkt. #36, at Page 3 of 4]. Here, there is nothing of the kind. The only evidence, from plaintiff, is her testimony that she didn't notice anything wrong with the shelf. [Dkt. # 25, ¶6; Dep., at 22, 42].

At bottom, the problem with plaintiff's case is that she has asserted no facts, denied none of defendant's factual assertions, and submitted no evidence. Plaintiff is the only witness to this incident. She doesn't describe how the shelf was attached to the wall. She does not claim that the shelf was lose or broken. In fact, she testified that she noticed nothing wrong with it. The case is unlike *Higgins v. White Sox Baseball Club, Inc.*, 787 F.2d 1125, 1128 (7th Cir. 1986), where the court said: "where the instrumentality causing the injury is an integral part of the defendant's business enterprise and where it may be reasonably inferred that the condition of the instrumentality *was due to the negligence of the defendant, rather than the actions of third parties*, then it is not necessary for the plaintiff to establish that the defendant had actual or constructive knowledge of the condition of the instrumentality." (emphasis supplied)). But even there, the "plaintiff *must still show that the instrumentality was defective.*" *Id*. (emphasis supplied)). While plaintiff claims in her response brief that the defendant had no system or routine for insuring shelves are secure, she cites no evidence in support of her assertion. She did not depose any of defendant's employees. She did submit the defendant's employee handbook, but that states that employees are to "[m]ake sure shelving is secure and balanced on the shelf brackets"; meaning the defendant *did* have a system for insuring shelves were secure. [Dkt. #36-4, at Page 21/31]. There is no evidence that the defendant did not follow this system. The fact of injury to the plaintiff is not proof that it did or that the store is liable for the injury.

8

Plaintiff has no idea why the shelf fell. Shelves, even loose ones, don't generally fall of their own accord.[2] At her deposition, plaintiff testified that she didn't *recall* touching the shelf:

Q: So, prior to the board falling, you had reached up and touched the skirt?

A: Yes, I extended my arm like this.

Q: Did you touch the shelf in any way?

A: *Not that I recall* having touched it. Because all I know is that I reached up and touched the skirt and then I didn't – it's something *that happened very quickly*.

(Dep., at 21)(emphasis supplied). So, perhaps she didn't brush against the shelf reaching for that skirt. But, perhaps she did. "[H]ypothesis is not proof . . . ." *Louth v. McCollum*, 424 F. 3d 631, 634 ( 7th Cir. 2005)( Posner*)* J.). "The trouble with absence of evidence is that it is consistent with *any* hypothesis."*United States v. Holland,* 445 F.2d 701, 793 (D.C.Cir.1971))(Emphasis in original). "It is not sufficient that a jury might guess or speculate that [plaintiff played not role in dislodging the shelf] because guesswork and speculation are not enough to avoid summary judgment." *Perez v. Thorntons, Inc.,* 731 F.3d 699, 716 (7th Cir.2013). *See also Steinhauer v. DeGolier*, 359 F.3d 481, 485 n. 1 (7th Cir.2004)(inconclusive testimony cannot by itself create a genuine factual dispute); *Mucha v. Vill. of Oak Brook*, 650 F.3d 1053, 1056 (7th Cir. 2011)(While Mucha testified that he could not recall when or whether he told Sheahan about the background check, Sheahan

---

[2] It should be noted that plaintiff has neither asserted nor argued *res ipsa loquitir* – she has not so much as mentioned it. Undeveloped and perfunctory arguments are deemed waived. *See, Blow v. Bijora, Inc.*, 855 F.3d 793, 805 (7th Cir. 2017)*;United States v. Cisneros*, 846 F.3d 972, 978 (7th Cir. 2017); *Crespo v. Colvin*, 824 F.3d 667, 674 (7th Cir. 2016); *Am. Family Mut. Ins. Co. v. Williams*, 832 F.3d 645, 650 (7th Cir. 2016); *Hayes v. Otis Elevator Co.*, 946 F.2d 1272, 1276 (7th Cir. 1991). A party seeking relief has an obligation to argue why he (or she) should prevail. The premise of our adversarial system is that courts do not sit as self-directed boards of legal inquiry and do a party's research, but essentially are arbiters of legal questions presented and argued by the parties before them. "It is not [a] court's responsibility to research and construct the parties' arguments."*United States v. Lanzotti,* 199 F.3d 954, 960 (7th Cir. 1999). *See also Kay v. Board of Educ. of City of Chicago,* 547 F.3d 736, 738 (7th Cir.2008)(Easterbrook, C.J.)*;WWC Holding Co., Inc. v. Sopkin*, 488 F.3d 1262, 1279–1280 (10th Cir.2007)(Gorsuch, J., dissenting).

testified under oath that he did not learn of the background check until July 31, 2006. Because Mucha's testimony is inconclusive, it cannot by itself create a genuine factual dispute.").[3]

It should be noted that, on this point, the plaintiff mischaracterized the evidence in her response brief. She claimed that the defendant's employee "admits . . . PLAINTIFF did not do anything to cause the shelf to fall on her foot." [Dkt. #36, at Page 2 of 4 (capitals in original)]. In fact, there is no such admission in the employee's report; there is simply plaintiff's claim that the shelf fell while she was looking at skirts without explanation. [Dkt. #36-3].

Summary judgment is, as the Seventh Circuit has put it, the "put up or shut up" moment in a lawsuit, and that means for a plaintiff faced with a summary judgment motion to advance some evidence to support the claim. *Citizens for Appropriate Rural Roads v. Foxx*, 815 F.3d 1068, 1077 (7th Cir. 2016); *Lewis v. CITGO Petroleum Corp.*, 561 F.3d 698, 703 (7th Cir. 2009)(in order to overcome summary judgment on a negligence claim, the plaintiff must submit evidence sufficient to create a triable issue of fact). But plaintiff doesn't do that. Instead, to stave off summary judgment, she has wagered all on the scant, three-and-a-half page brief she has submitted. Her case, as presented, without Local Rule 56.1 submissions, is speculation without evidence. And, again, that is not sufficient in a summary judgment proceeding. *Piotrowski v. Menard, Inc.*, 842 F.3d 1035, 1039 (7th Cir. 2016). It is not here.

As in *Piotrowski*, prior, unreported acts of one of defendant's employees *could* have led to the shelf falling; "but that this was the cause is only speculation, and speculation is not sufficient to

---

[3] The Seventh Circuit has long 'rejected the idea that speculation can be employed as a substitute for proof. *See e.g., In re Cohen,* 507 F.3d 610, 614 (7th Cir.2007); *United States v. Landry,* 257 F.2d 425,431 (7th Cir.1958). *See also United States v. Holland,* 445 F.2d 701, 793 (D.C.Cir.1971).

survive summary judgment." 842 F.3d at 1039. *See also Steen v. Myers*, 486 F.3d 1017, 1022 (7th Cir. 2007)("We do not allow parties to send every speculation that they have to the jury despite an absence of evidence."). In the end, there is no evidence – or, again, even any properly submitted factual assertions – regarding the maintenance, or lack thereof, of the shelves in the store. In other words, nothing to suggest that the defendant's employees didn't see to it that the shelves were stable on a regular basis. *Cf. Peterson v. Wal Mart Stores, Inc.*, 241 F.3d 603, 605 (7th Cir. 2001)("There is no evidence that any of Wal-Mart's employees were aware of the spillage that caused the plaintiff's injury and failed to clean it up; and there is, as we have pointed out, no duty of continuous inspection.").

There's nothing to suggest (let alone show) that there was anything wrong with the shelf, or that defendant had any knowledge, actual or constructive, that there was. There's no evidence of any negligence on the part of the defendant or defendant's employees. *Cf. Torrez v. TGI Friday's, Inc.*, 509 F.3d 808, 810 (7th Cir. 2007)("If an employee of the defendant creates a hidden danger . . . such as a cracked or broken glass globe in a place into which the employee should know someone will be likely to reach his arm without awareness of the danger, the employee is negligent and his negligence is imputed to his employer. . . . But there is as we said no evidence of who broke or cracked the globe, and specifically no evidence that one of the restaurant's employees did it."). So it doesn't matter if constructive knowledge is a necessary element of plaintiff's case, or not – plaintiff has failed to support her case either way or to raise a genuine issue of material fact for a jury to resolve.

**CONCLUSION**

For the foregoing reasons, the defendant's motion for summary judgment [Dkt. #23] is

granted.

**ENTERED:** _____
**UNITED STATES MAGISTRATE JUDGE**

**DATE:** June 13, 2017.